UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL
DEF
CIM

-------------------------------------------------------x

JOHN GONZALEZ,

                Petitioner,

    -against-

CHARLES GREINER, Superintendent, Green
Haven Correctional Facility,

                Respondent.

-------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 01-CV-5966 (FB)

*Appearances:*
*For the Petitioner:*
JOEL A. BRENNER, ESQ.
76 Tompkins Street
East Northpoint, NY 11731

**BLOCK, District Judge:**

        On August 29, 2001, petitioner, John Gonzalez ("Gonzalez"), proceeding *pro se*, filed a *habeas* petition challenging his state-court convictions for second-degree murder, first- and second-degree robbery, and second- and third-degree criminal possession of a weapon. On January 22, 2002, the Court entered a judgment dismissing the petition as time-barred; Gonzalez did not appeal. More than three years later, on February 28, 2005, Gonzalez, now represented by counsel, submitted a letter requesting "re-argument" of the Court's judgment on the ground that it was error to dismiss the petition as untimely.

        Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a final judgment must be filed within ten days of the entry of judgment.[1] This time limit –

---

    [1]Regardless of its label, a motion seeking to reargue the merits of a judgment is deemed a Rule 59(e) motion and subject to the ten-day time limit. *See Lichtenberg v.*

which is "uncompromisable" and cannot be extended, *see Lichtenberg*, 204 F.3d at 401 – is

jurisdictional. *See Rodick v. City of Schenectady*, 1 F.3d 1341, 1346 (2d Cir. 1993). Once the

ten-day period expires, a district court's jurisdiction to reconsider a final judgment is

limited to the grounds set forth in Federal Rule of Civil Procedure 60(b). *See Browder v.*

*Director, Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978).

> Rule 60(b) lists six grounds for relief from judgment:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
>
> (2)    newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)    fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4)    the judgment is void;
>
> (5)    the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6)    any other reason justifying relief from the operation of the judgment.

A motion based on subsection (1), (2) or (3) must be filed no later than one year after the

entry of judgment. *See id.* This time limit is "absolute" and not subject to equitable tolling.

*See Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000). A motion based on subsection (5) or

---

*Besicorp Group, Inc.*, 204 F.3d 397, 401 (2d Cir. 2000) (citing *McGowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1104 (2d Cir. 1990)).

(6) must be made "within a reasonable time." Rule 60(b). A motion based on subsection (4) may be made at any time. *See* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2862 (2d ed. 1995) ("Wright & Miller").

Because Gonzalez's request for re-argument was not made within one year of the entry of judgment, relief is not available under subsection (1), (2) or (3); the Court need not address whether relief would have been available under one or more of those subsections had the request been timely. The Court notes, however, that the Second Circuit has approved the use of motions under subsection (1) to correct a district court's mistakes of law or fact, *see In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003) (citing *Schildhaus v. Moe*, 335 F.2d 529 (2d Cir.1964), and *Tarkington v. United States Lines Co.*, 222 F.2d 358 (2d Cir.1955)), provided that the motion is made within the time for appeal. *See International Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977) ("A motion for relief from such judicial mistakes under Rule 60(b)(1) may not be made after the time for appeal has elapsed."). Courts have imposed this restriction on the usual one-year time limit to "prevent[] Rule 60(b)(1) from becoming a way to assert an otherwise time-barred appeal." *In re 310 Assocs.*, 346 F.3d at 35.

Relief is not available under subsection (4). A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Wright & Miller § 2862. The Court had jurisdiction over Gonzalez's *habeas* petition and afforded him due process before dismissing it as untimely.

3

Relief is not available under subsection (5). Unlike a judgment awarding damages or injunctive relief, the Court's judgment dismissing Gonzalez's *habeas* petition imposed no obligations that could be "satisfied, released, or discharged." Nor was the judgment dependent on a prior judgment that has been reversed or vacated. Nor did the judgment have "prospective application" in the sense required under subsection (5). *See Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 757 n.4 (2d Cir. 1986) ("[I]t is doubtful that the preclusive nature of a dismissal with prejudice is a prospective effect under the rule.").

"Relief under Rule 60(b)(6) is appropriate only in cases presenting extraordinary circumstances." *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (citation and internal quotation marks omitted). Moreover, relief is available under subsection (6) "only if the other, more specific grounds for relief encompassed by the rule are inapplicable." *Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55 (2d Cir. 1989) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988)). Thus, "Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, so that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976) (citation and internal quotation marks omitted). Similarly, a motion under subsection (6) cannot be used to remedy the failure to take an appeal. Wright & Miller § 2864 (citing, *inter alia*, *Wagner v. United States*, 316 F.2d 871 (2d Cir. 1963)).

Gonzalez could have appealed the Court's judgment dismissing his *habeas* petition. Alternatively, as previously explained, he could have moved for relief under Rule 60(b)(1) and argued that the Court's conclusion that his petition was untimely was based

on mistakes of law or fact. His failure to take either action in a timely fashion precludes relief under subsection (6).

Moreover, Gonzalez has failed to demonstrate the "extraordinary circumstances" required to warrant relief. The only circumstance that has changed since the expiration of the time for filing a notice of appeal or a motion for relief from judgment under Rule 60(b)(1) is that Gonzalez is now represented by counsel. Other district judges in this circuit have concluded that "by itself, the fact that [the] plaintiff is *pro se* does not count as an exceptional circumstance" justifying relief under Rule 60(b). *Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78, 85 (S.D.N.Y. 2003); *see also Jedrejcic v. Croatian Olympic Comm.*, 190 F.R.D. 60 (E.D.N.Y. 1999); *Salter v. Hooker Chem., Durez Plastic & Chem. Div.*, 119 F.R.D. 7 (W.D.N.Y. 1988). The Court concurs; while *pro se* litigants are, in many respects, afforded more lenient treatment than those represented by counsel, *see, e.g., Forsyth v. Federation Employment & Guidance Serv.*, 409 F.3d 565, 569 (2d Cir. 2005) (requiring liberal construction of *pro se* submissions), they "generally are required to inform themselves regarding procedural rules and to comply with them." *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995). Thus, Gonzalez's *pro se* status does not excuse his failure to raise in a timely fashion his claim that the Court erred in dismissing his *habeas* petition.

The request for re-argument is denied.[2] Because Gonzalez has failed a make a substantial showing of the denial of a federal right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *Kellogg v. Strack*, 269 F.3d 100, 102 (2d Cir.2001) (holding that

---

[2]Having concluded that relief from judgment under Rule 60(b) is not available, the Court expresses no opinion on the merits of the request for re-argument.

§ 2253 applies to order denying Rule 60(b) motion in *habeas* proceedings).

_____
FREDERIC BLOCK
United States District Judge

Brooklyn, New York
August 23, 2005